UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KELLY A. AND LISA G. MCNEELY, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 4:21-CV-1120-O |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

**OPINION & ORDER**

**I.   Background**

This is a dispute between an insurance company and its insured over hail damage to the insured's roof. None of the material facts are in dispute. While Defendant State Farm Lloyds ("State Farm") refused to pay Plaintiffs Kelly A. and Lisa G. McNeely the full amount that was due for two years, it has now paid them the actual cash value of the hail damage, as set by the appraisal conducted pursuant to their insurance policy. State Farm has also now paid Plaintiffs all amounts due them for its delay in paying these policy benefits under the Texas Prompt Payment Claim Act ("TPPCA"). Finally, State Farm has paid Plaintiffs $19,420 in attorneys' fees owed as a result of Plaintiffs having to pursue this case. State Farm contends it is entitled to judgment as a matter of law on Plaintiffs' contractual claims.

State Farm also contends Plaintiffs' extra-contractual claims fail as a matter of law because Plaintiffs only seek to receive what is due them under the policy and they have no independent injury permitting additional recovery. Since Plaintiffs cannot show their entitlement to further extra-contractual relief, State Farm argues it is entitled to judgment as a matter of law on these claims.

1

In response, Plaintiffs assert State Farm's unreasonable and deplorable conduct, the live pleadings, and the available evidence require its request for summary judgment be denied.

Before the Court are Defendant's Motion for Summary Judgment (ECF No. 47), filed June 24, 2022, and Plaintiffs' Motion for Summary Judgment (ECF No. 59), filed July 18, 2022. The motions have been briefed, and they are ripe for review. Save for a discrepancy over attorneys' fees, State Farm's Motion for Summary Judgment (ECF No. 47) is **GRANTED in part as to the breach of contract and extra-contractual claims, DENIED in part as to attorneys' fees, and Plaintiffs' TPPCA claim is dismissed as MOOT**. Plaintiffs' Motion for Partial Summary Judgment (ECF No. 59) is **DENIED.**

## II.     Legal Standards

### A.  Summary Judgment

The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c). "[Y]et the nonmovant may not rely on mere allegations in the pleadings; rather, the nonmovant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial." *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002) (cleaned up). "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Id*.

### B.  Mootness

"Mootness in this context is 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue

throughout its existence (mootness).'" *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999) (citations omitted). "A controversy is mooted when there are no longer adverse parties with sufficient legal interests to maintain the litigation. [citation omitted] A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Id*. This means a case generally becomes moot upon the happening of the event sought. *Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir. 1998).

### III.    Summary

In this case, Defendant has shown there is no factual dispute over the amount it paid Plaintiffs on its claims, apart from their request for attorneys' fees and the extra-contractual claims.[1] And on the extra-contractual claims, State Farm asserts it is entitled to judgment as a matter of law because Plaintiffs have presented no independent injury on their extra-contractual claims nor do they seek damages apart from policy benefits.[2]

Albeit untimely, State Farm has fulfilled its contractual obligations to Plaintiff. State Farm paid Plaintiffs the full actual cash value set by the appraisal, and Plaintiffs do not dispute this.[3] They do contend State Farm has failed to pay the replacement cost value, but they concede that payment of this obligation is not due under the terms of the policy until they actually replace the roof.[4] The roof has indisputably not been replaced.

On Plaintiffs' TPPCA claim, State Farm has paid Plaintiffs all they are entitled to under this claim. Plaintiffs raise no dispute about the amount State Farm owes under this provision. The TPPCA claim is therefore moot. Plaintiffs assert these claims are not moot because while State

---

[1] *See generally* D.'s Br. in Support of D.'s Mot. for Summary Judgment, ECF No. 48.
[2] *Id*. at 24–27.
[3] *See generally* Pls.' Br. in Opp. to D.'s Mot. for Summary Judgment, ECF No. 56.
[4] *Id*. at 20–22.

3

Farm has paid these amounts, they have refused to accept them.[5] They provide no justification for their refusal to accept the payments other than the arguments addressed in this Order. Without any other analysis of this assertion, it is insufficient to raise a genuine dispute of material fact.

As to their extra-contractual claims, Plaintiffs only seek to recover what is due them under the policy and do not show an independent injury permitting recovery of additional damages.[6] They therefore have raised no issue of fact on these claims and State Farm is entitled to judgment on them.

Finally, there is a discrepancy between the amount Plaintiffs' attorney contends is owed for attorneys' fees and the amount State Farm has paid.[7] Therefore, State Farm is not entitled to judgment on this issue.

## IV.     Breach of Contract

Under Texas law, "[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir.2007) (alteration original) (citation omitted). Payment of a contractually mandated appraisal award bars a breach of contract claim as a matter of law. *Lakeside FBBC, LP v. Everest Indem. Ins. Co.*, No. SA-17-CV-491-XR, 2020 WL 1814405, at *8 (W.D. Tex. Apr. 8, 2020), appeal dismissed sub nom. *Lakeside FBCC, LP v. Everest Indem. Ins. Co.*, No. 20-50358, 2021 WL 8314635 (5th Cir. Dec. 28, 2021).

Plaintiff argues fact issues exist because the payment was untimely and because State Farm must also pay replacement costs in addition to the actual cash value.[8] But Plaintiff is not entitled

---

[5] Pls.' Reply in Support of Pls.' Mot. for Summary Judgment 4, ECF No. 70.
[6] *See generally* Pls.' Br. in Support of Pls.' Mot. for Summary Judgment, ECF No. 60.
[7] Pls.' Br. in Opp. to D.'s Mot. for Summary Judgment 23–24, ECF No. 56.
[8] See generally Pls.' Br. in Opp. to D.'s Mot. for Summary Judgment 11–22, ECF No. 56.

to additional payment from State Farm based on its breach of contract claim. "In a breach of contract suit, damages are limited to the actual damages that are the natural, probable, and foreseeable consequences of the defendant's breach. To prevail in a breach of contract suit seeking actual damages—compensation for provable economic harm—there must be a showing that the plaintiff was actually harmed, not merely wronged." *In re Trevino*, 615 B.R. 108, 142 (Bankr. S.D. Tex. 2020). In Texas, "the universal rule for measuring damages for the breach of a contract is just compensation for the loss or damage actually sustained." *Ruiz v. Bank of Am., N.A.*, No. 3:18-CV-2707-L, 2021 WL 9145416, at *2 (N.D. Tex. Feb. 2, 2021) (cleaned up).

Plaintiffs have offered nothing to show they are entitled to more payment, beyond the accrued interest, based on the delayed payment. *See, e.g., Randel v. Travelers Lloyd of Tex. Ins. Co.*, 9 F.4th 264, 269 n. 2 (5th Cir. 2021) (describing how delay in paying appraisal award results in increase of interest amount owed). Plaintiffs do argue however that this claim remains because State Farm must pay the replacement cost for their roof. However, the replacement cost payment is not due *until* Plaintiffs have actually replaced the roof. *Fitzhugh 25 Partners, LP v. KILN Syndicate KLN 501*, 261 S.W.3d 861, 863 (Tex. App. 2008) ("[C]ourts across the country that have considered the meaning of the same or similar language [actual cash value and replacement costs] in a property insurance policy have universally held that such language requires repair or replacement of the destroyed property before the insured is entitled to recover replacement cost damages.").

Plaintiffs also contend that State Farm's delay harmed them because they have to replace their roof within two years from the date of loss.[9] But State Farm has agreed to extend the two-year time limit for an additional two years. State Farm has therefore provided Plaintiffs all of the

---

[9] Pls.' Br. in Opp. to D.'s Mot. for Summary Judgment 20–22, ECF No. 56.

relief they seek such that this argument is moot. *See Goldin*, 166 F.3d at 717 (claim is moot when parties no longer have sufficient legal interest in the dispute).

Finally, Plaintiffs argue that State Farm has not properly pled affirmative defenses to support a judgment based on payment or related defenses. Even so, this would not preserve Plaintiffs' breach of contract claim. Defendant has offered all the relief that Plaintiffs have requested on the breach of contract claim. "[W]hen a case becomes moot, the court loses its 'constitutional jurisdiction to resolve the issues it presents.'" *Dugaboy Inv. Tr. v. Highland Cap. Mgmt., L.P.*, No. 3:21-CV-2268-S, 2022 WL 3701720, at *2 (N.D. Tex. Aug. 8, 2022) (citation omitted). Based on the foregoing, Plaintiffs have failed to raise a disputed issue of fact, so State Farm is entitled to judgment as a matter of law on Plaintiffs' breach of contract claim.

## V. Prompt Payment Act

"The TPPCA provides for additional damages when an insurer wrongfully refuses or delays payment of a claim." *Lakeside FBBC*, 2020 WL 1814405 at 9. The TPPCA is to be "liberally construed to promote the prompt payment of insurance claims." *Id.* (citation omitted). Defendant contends it is entitled to judgment as a matter of law because it has paid Plaintiffs all amounts it would owe if found liable for this violation.[10] Plaintiffs' only dispute on this claim is that Defendants are obligated to pay the replacement cost value of the roof and it has only paid the actual cost value to date.[11] But as set out above, Defendant is not obligated to pay the replacement cost amount until Plaintiffs replace their roof. *See Lakeside FBBC*, 2020 WL 1814405 at 7–8. Plaintiffs submit no other argument or evidence that the amount State Farm has paid under this claim differs from the amount actually owed. As Defendant has paid all the relief that Plaintiffs

---

[10] D.'s Br. in Support of D.'s Mot. for Summary Judgment 20–21, ECF No. 48.
[11] Pls.' Br. in Opp. to D.'s Mot. for Summary Judgment 22–23, ECF No. 56.

seek, this claim is now moot. *Goldin*, 166 F.3d at 717 (claim is moot when parties no longer have sufficient legal interest in the dispute).

## VI. Extra-contractual Claims[12]

Plaintiffs have also asserted statutory and common law extra-contractual claims. State Farm argues these claims fail because Plaintiffs have no injury independent of the insurance contract, nor have they suffered damages apart from the denial of policy benefits.[13] State Farm is correct.

An "insured's claim for breach of an insurance contract is 'distinct' and 'independent' from claims that the insurer violated its extra-contractual common-law and statutory duties." *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 133–34 (Tex. 2019) (citation omitted). "There are two aspects to this independent-injury rule. The first is that, if an insurer's statutory violation causes an injury independent of the insured's right to recover policy benefits, the insured may recover damages for that injury even if the policy does not entitle the insured to receive benefits . . . . The second . . . is that an insurer's statutory violation does not permit the insured to recover any damages beyond policy benefits unless the violation causes an injury that is independent from the loss of the benefits." *Id*. at 134 n.10 (omissions original).

State Farm has identified this foundational failure in Plaintiffs' extra-contractual claims, thus requiring Plaintiffs to come forward with evidence on these points. *Carboni*, 278 F.3d at 451 (nonmovant has the burden to point to disputed facts requiring a trial). Plaintiffs offer no evidence or argument that they have suffered damages beyond policy benefits. They do however argue that

---

[12] Plaintiffs have alleged claims under Chapter 541 of the Texas Insurance Code, under the Deceptive Trade Practices Act of the Business and Commerce Code, and common law bad faith. The parties refer to these claims as extra-contractual claims. As the result here relies on the same legal standard applicable to these, the Court uses the parties' terminology.

[13] D.'s Br. in Support of D.'s Mot. for Summary Judgment 24–27, ECF No. 48.

they have suffered an injury independent of their right to recover policy benefits in that State Farm's delay has resulted in an increase in the cost to replace their roof. But the Texas Supreme Court has held, "Our reference . . . to 'the possibility' that a statutory violation could cause an independent injury suggested that a successful independent-injury claim would be rare, and we in fact have yet to encounter one.'" *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 500 (Tex. 2018). And Plaintiffs cite to no case explaining that State Farm's delay would be the kind of "rare" circumstance that would support an independent injury for their extra-contractual claims. *Id*. Even so, payment of replacement costs is not due *until* the roof is replaced. *Fitzhugh 25 Partners, LP, 501*, 261 S.W.3d at 863; *Lakeside FBBC, LP*, 2020 WL 1814405 at 7-8. It is undisputed that has not occurred such that State Farm is not obligated to pay any replacement cost.

Accordingly, State Farm is entitled to judgment as a matter of law on these extra-contractual claims.

## VII. Attorneys' Fees

Finally, State Farm has paid Plaintiffs $19,420 in attorneys' fees.[14] It argues this is the amount due to a prevailing party on these claims. A fact dispute exists on this issue. State Farm calculated this amount using the billing records Plaintiffs' counsel produced. That invoice is for $21,135, and Plaintiffs assert State Farm provides no explanation for this discrepancy.[15] Plaintiffs are correct; a fact issue over this amount remains. State Farm's request for judgment as a matter of law on this issue is denied. The parties are directed to provide additional briefing on the amount due Plaintiffs on the attorneys' fees request.

---

[14] D.'s Br. in Support of D.'s Mot. for Summary Judgment 23, ECF No. 48.
[15] Pls.' Br. in Opp. to D.'s Mot. for Summary Judgment 23–24, ECF No. 56.

## VIII. Conclusion

Based on the foregoing, State Farm's Motion for Summary Judgment (ECF No. 47) is **GRANTED in part** as to the breach of contract and extra-contractual claims, **DENIED in part** as to attorneys' fees, and Plaintiffs' TPPCA claim is dismissed as **MOOT**. Plaintiffs' Motion for Partial Summary Judgment (ECF No. 59) is **DENIED**. Plaintiffs are to file briefing on the attorneys' fees issue **no later than November 4, 2022**, State Farm's response is due **no later than November 11, 2022**, and Plaintiffs' reply is due **no later than November 18, 2022**. Finally, the upcoming November 14, 2022 trial date for this case is hereby removed from the Court's calendar.

**SIGNED** on this **25th day** of **October, 2022**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

9