IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KELLY A. AND LISA G. MCNEELY, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-1120-O |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiffs' Brief and Memorandum in Support of Attorneys' Fees and Appendix in Support filed November 4, 2022 (ECF Nos. 86, 87), Defendant's Response to Plaintiff's Brief for Fees filed November 11, 2022 (ECF No. 88), and Plaintiffs' Reply filed November 18, 2023. ECF No. 89. By Order dated November 29, 2022, United States District Judge Reed O'Connor referred the parties' dispute regarding attorneys' fees to the undersigned for hearing, if necessary, and determination or recommendation. ECF No. 90. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** in part the Plaintiff's request for $1,955 in attorneys' fees incurred while they awaited payment from Defendant and **DENY** in part Plaintiff's request for additional attorneys' fees and costs.

**I.     BACKGROUND**

This is a dispute between an insurance company and its insured over hail damage to the insured's roof. While Defendant State Farm Lloyds ("State Farm") refused to pay Plaintiffs Kelly A. and Lisa G. McNeely ("the McNeelys") the full amount that was due for two years, it has now paid them the actual cash value of the hail damage as set by the appraisal conducted pursuant to

their insurance policy; all amounts due them for its delay in paying these policy benefits under the Texas Prompt Payment Claim Act ("TPPCA"); and $19,420 in attorneys' fees owed to them for pursuing this case. ECF No. 85. Judge O'Connor granted State Farm's Motion for Summary Judgment as to the McNeelys's breach of contract and extra-contractual claims, denied it as to their claim for attorneys' fees, and dismissed the McNeelys's TPPCA claim as moot. *Id* at 2. He ordered the parties to file additional briefing on the McNeelys's claim for attorneys' fees, and that issue is now ripe for review.

## II.   LEGAL STANDARD

Section 542A of the Texas Insurance Code applies to actions against insurers, including breach of contract claims, and provides that a claimant may recover attorneys' fees in an amount that is the lesser of:

> (1) the amount of reasonable and necessary attorneys' fees supported at trial by sufficient evidence and determined by the trier of fact to have been incurred by the claimant in bringing the action;
>
> (2) the amount of attorneys' fees that may be awarded to the claimant under other applicable law; or
>
> (3) the amount calculated by:
>
> (A)   Dividing the amount to be awarded judgment to the claimant for the claimant's claim under the insurance policy for damage or loss of covered property by the among alleged to be owed on the claim for that damage or loss in a notice given under this chapter, and
> (B)   Multiplying the amount calculated under paragraph A by the total amount of reasonable and necessary attorneys' fees supported by trial by sufficient evidence and determined by the trier of fact to have been incurred by the claimant in bringing the action.

Tex. Ins. Code § 542A.007(a)(1)-(3) (West 2023).

Also, under Texas law, when a prevailing party in a breach of contract suit seeks attorneys' fees, an award of reasonable fees is mandatory under Tex. Civ. Prac. & Rem. Code § 38.001(8). *Kona Tech. Corp. v. S. Pac Transp. Co.,* 225 F.3d 595, 614 (5th Cir. 2000). These same fee-shifting provisions exist under the Texas Insurance Code, Texas Business & Commerce Code, and Texas Deceptive Practices—Consumer Protection Act. *See* Tex. Civ. Prac. & Rem. Code § 38.001(8); Tex. Ins. Code § 542.060; and Tex. Bus. & Com. Code § 17.50. To be considered a prevailing party, a claimant must "obtain actual and meaningful relief, something that materially alters the parties' legal relationship." *Intercontinental Group P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 652 (Tex. 2009) (citation omitted). To meet the definition, a plaintiff must prove "compensable injury and secure an enforceable judgment in the form of damages or equitable relief." *Id.*

## III. ANALYSIS

The McNeelys ask the Court to consider three issues with respect to the award of fees: (1) the hourly rate their attorney charged, (2) the date through which fees should be awarded, and (3) the amount of incurred costs to award in this matter. ECF No. 86 at 5. The McNeelys contend that because the fees and costs generated in this matter were the result of "inaction and delays of State Farm" that they are entitled to recover them. *Id.* at 6. State Farm argues that other than the "voluntary" fees already paid to the McNeelys pursuant to Tex. Ins. Code § 542.060 and the minimal amount owed before payment was made, the Texas Insurance Code precludes an award of any additional attorneys' fees. ECF No. 88 at 4-5. Alternatively, State Farm asserts that because Judge O'Connor's ruling on its motion for summary judgment disposed of all of the McNeelys's substantive claims against them, the McNeelys are not the prevailing party on any claim in this case. *Id.* at 5-6. Based on the applicable provisions of the Texas Insurance Code and the definition

of "prevailing party," Judge O'Connor should deny the McNeelys's request for additional attorneys' fees incurred after State Farm made the late payment of their claim.

### A. State Farm already paid attorneys' fees for its late claim payment.

It is undisputed that State Farm paid the McNeelys $19,420 for their attorneys' fees through the date of State Farm's April 19, 2022 letter and payment of the appraisal award. ECF Nos. 86 at 7, 88 at 7. The McNeelys's counsel received the letter and payment on May 2, 2022. *Id.* The payment of attorneys' fees in that amount up to that point was appropriate under § 542.060 of the Texas Insurance Code.

The McNeelys contend that they are entitled to all fees incurred in this matter including those incurred in deposing State Farm's corporate representatives, reviewing documents, and engaging in an extensive motion practice. ECF No. 86 at 7. Further, they claim fees for complying with the Court's pretrial deadlines and preparing for trial. *Id.* State Farm argues that it only owes fees until the time it tendered payment to the McNeelys because that is all that the law requires. ECF Nos. 88 at 4-8; 49-1 at 124. State Farm agrees that it would be reasonable also to pay the McNeelys $1,715, which represents the difference between $21,135 reflected on the March 18 invoice and the $19,420 State Farm already paid, plus $240, the amount of fees incurred between the March 18 invoice date and May 2 when the McNeelys received the check. ECF No. 88 at 7. It is reasonable and the law allows for payment of the additional fees of $1,955. Tex. Ins. Code. § 542.060(a)-(c). Accordingly, the undersigned recommends that Judge O'Connor order State Farm to pay the McNeelys the additional amount of $1,955 in attorneys' fees.

### B. The McNeelys are not entitled to additional attorneys' fees because they are not the prevailing party under any cause of action.

The McNeelys seek attorneys' fees incurred on their breach of contract, extra-contractual, and TPPCA claims pursuant to the Texas Civil Practice and Remedies Code. ECF No. 89 at 3.

4

They assert that these fees are recoverable because they did not want to litigate this matter and had to as the only way to recover for their damages. ECF No. 89 at 5. Further, they contend that they were the "prevailing party" because "State Farm agreed to pay the amount of actual damages as known and noticed prior to suit – the appraisal award." *Id.* at 2. State Farm argues that the McNeelys were not a prevailing party on any claim because the Court dismissed all claims, they did not prevail in the "substantial part of the litigation," and they recovered nothing of value at the time of judgment. ECF No. 88 at 6; *Ortiz v. State Farm Lloyds,* 589 S.W.3d 127, 132 (Tex. 2019).

Whether a party prevails on a breach of contract claim depends on whether the claimant recovers something of value. *KonaTech. Corp.*, 225 F.3d at 614; *see Butler v. Arrow Mirror & Glass, Inc.*, 51 S.W.3d 787, 796-97 (Tex. App.—Houston [1st Dist.] 2001, no pet.). In the Court's Opinion & Order dated October 25, 2022, Judge O'Connor granted State Farm's Motion for Summary Judgment on the McNeelys's breach of contract and extra-contractual damage claims, dismissed their TPPCA claim as moot, and denied the Motion as to their attorneys' fees claim. ECF No. 85. Section 38.001 of the Texas Civil Practice and Remedies Code provides that only a prevailing party is entitled to recover attorneys' fees on a contract claim. Tex. Civ. Prac. Rem. Code § 38.001(8). Under the Opinion & Order, the McNeelys did not prevail on any claim that would allow for the recovery of additional attorneys' fees.

    **C.**    **Even if the McNeelys had prevailed under other applicable legal authority, the Texas Insurance Code requires a judgment for the claimant before attorneys' fees can be awarded.**

The parties disagree about the interpretation of the applicable Texas Insurance Code provisions and their effect on the McNeelys's claim for attorneys' fees, based on the timing of State Farm's eventual payment of their claim. The statute reads in relevant part that attorneys' fees may be awarded in the amount calculated by dividing "the amount to be awarded in the judgment

5

to the claimant for the claimant's claim under the insurance policy for damage to or loss of covered property by the amount alleged to be owed on the claim for that damage or loss in a notice given under this chapter[.]" Tex. Ins. Code § 542A.007(a)(3).

The McNeelys argue that under the statute "a Defendant <u>may get a credit</u> for amounts paid, but that <u>does not</u> change the amount of damage to the property, it would just change the credit applied." ECF No. 89 at 3. They argue that this reading gives effect to the statute and comports with "affirmative defenses for payment and credit which must be plead and proven." *Id.* State Farm counters that because the Court granted judgment as a matter of law on their breach of contract and extra-contractual claims and held that their TPPCA claim was moot, the McNeelys are not entitled to recover additional attorneys' fees. ECF No. 88 at 4. Its reading of section § 542-007(a)(3) yields essentially a calculated fraction of "the amount to be awarded in the judgment to the claimant," which is zero here because the Court did not award any amount "for the claimant's claim under the insurance policy." *Id.* Therefore, any fraction of zero is zero. *See Crenshaw v. State Farm Lloyds,* No. 4:18-cv-00236-O, 2020 WL 12990985 *2 (N.D. Tex. Feb. 1, 2020) (because plaintiff was not entitled to any monetary judgment calculated under § 542.007(a)(3), attorneys' fees are not recoverable since zero will always be less than any amount calculated under any other Texas law). The McNeelys respond that this reading allows an insurance company "to have carte blanche to deny payment of owed claims for as long as it wishes and suffer no legal penalty." ECF No. 89 at 4.

Applying § 542A.007 to the facts of this case, the McNeelys would be entitled to the lesser of the amount awarded pursuant to the Texas Practice and Remedies Code or the amount awarded in the judgment calculation envisioned by the Texas Insurance Code. Because the McNeelys are not entitled to any amount under either Texas statute, they are not entitled to recover additional

6

attorneys' fees. *see Crenshaw,* No. 4:18-cv-00236-O, 2020 WL 12990985 at *2 (an award of zero will always be less than any amount calculated under § 38.001 of the Tex. Practice and Remedies and Code). Accordingly, Judge O'Connor should deny the McNeelys' request for additional attorneys' fees. Because they are not a prevailing party, the Court also should deny the McNeelys's claim for court costs. Fed. R. Civ. P. 54(d)(1).

## IV.  CONCLUSION

The McNeelys did not prevail on any of their causes of action against State Farm. The Texas Insurance Code sets the procedure for awarding attorneys' fees in a breach of contract claim, and pursuant to that statute the McNeelys are not entitled to any additional fees or costs incurred after they received State Farm's payment. Accordingly, the undersigned **RECOMMENDS** that Judge O' Connor **GRANT** in part the McNeelys' request for fees representing the amount owed to them before they received State Farm's payment on May 2, 2022, and for the discrepancy in fees up to that date, and **DENY** in part the McNeelys' Request for attorneys' fees applicable to the time after they received State Farm's payment. The undersigned **RECOMMENDS** the Court **ORDER** State Farm to pay the McNeelys, in care of their attorney, Chad Troy Wilson, Chad T. Wilson Law Firm PLLC, 455 East Medical Center Blvd., Suite 555, Webster, TX 77598, attorney fees pursuant to Tex. Ins. Code § 542.060, in the total amount of $1,715 for the variance between the March 18, 2022 invoice ($21,135) and the amount already paid ($19,420), plus the amount for fees incurred before the McNeelys received payment on May 2, 2022 in the amount of $240, for a total award of $1,955.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with

a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on March 1, 2023.

/s/ Hal R. Ray, Jr.
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE