IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KELLY A. AND LISA G. MCNEELY, | § | |
| | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-01120-O |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
|     Defendant. | § | |

### ORDER PARTIALLY ACCEPTING AND PARTIALLY REJECTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This is an attorneys' fees dispute arising from a hail damage case. Before the Court is Plaintiffs' briefing on the request for attorneys' fees (ECF No. 86), filed November 4, 2022. Defendant filed its brief in opposition to Plaintiffs' request for attorneys' fees (ECF No. 88) on November 11, 2022, and Plaintiffs filed their reply on November 18, 2022 (ECF No. 89). On March 1, 2023, the United States Magistrate Judge issued his Findings, Conclusions, and Recommendation (ECF No. 91) wherein he recommended that the undersigned grant Plaintiffs' request for $1,955 in attorneys' fees. That figure corresponds with the amount that Plaintiffs' attorneys were allegedly underpaid when Defendants voluntarily prepaid Plaintiffs' economic damages—and Plaintiffs' attorneys' fees up to that point—on May 2, 2022.[1] The United States Magistrate Judge further recommended that the undersigned deny Plaintiffs' additional request for an award of all attorneys' fees and costs incurred in the months after Defendant prepaid damages. Subsequently, on March 15, 2023, Plaintiffs and Defendant each filed their respective objections

---

[1] Specifically, Plaintiffs' attorneys invoiced $21,135 in fees as of March 2022, plus an additional $240 in fees by May 2022, whereas Defendant only paid $19,420 in fees on May 2, 2022, for a disparity totaling $1,955. Def.'s Resp. Br. 7, ECF No. 88. Note, Defendant slightly miscalculated the total disparity as $1,965 in their briefing. *Id.*

1

to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF Nos. 92, 93). As such, the question regarding attorneys' fees is ripe for consideration.

After reviewing all relevant matters of record in this case in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge determines that the Findings, Conclusions, and Recommendation of the Magistrate Judge should be **ACCEPTED in part** and **REJECTED in part**. Specifically, the Court **DENIES** Plaintiffs' request for additional attorneys' fees and costs and **DENIES** Plaintiffs' request for the $1,955 in attorneys' fees arising from the contested prepayment discrepancy.

## BACKGROUND[2]

This is a dispute between an insurance company and its insured over hail damage to the insured's roof. Defendant State Farm Lloyds refused to pay Plaintiffs Kelly A. and Lisa G. McNeely the full amount that was due for two years. However, on May 2, 2022, Defendant paid Plaintiffs the actual cash value of the hail damage as set by the appraisal conducted pursuant to their insurance policy; all amounts due them for its delay in paying these policy benefits under the Texas Prompt Payment Claim Act ("TPPCA"); and $19,420 in attorneys' fees owed to them for pursuing this case. Plaintiffs continued litigating this case after that payment in order to pursue certain extracontractual claims and to recover the $1,955 in attorneys' fees they were allegedly underpaid as of May 2, 2022.[3] Later, this Court granted Defendant's Motion for Summary Judgment as to Plaintiffs' breach of contract and extracontractual claims, denied it as to their claim for attorneys' fees, and dismissed Plaintiffs' TPPCA claim as moot. This Court then ordered the parties to file additional briefing on Plaintiffs' claim for attorneys' fees due to the $1,955

---

[2] This recitation of the facts is taken from Judge Ray's Findings, Conclusions, and Recommendation unless otherwise specified. Findings, Conclusions, and Recommendation 1–2, ECF No. 91.
[3] Pls.' Mot. 1–4, ECF No. 86.

discrepancy. In their briefing, Plaintiffs demanded both the disputed $1,955 and an award for all the attorneys' fees they accrued in the months between Defendant's May 2, 2022 payment and the Court's summary judgment.[4]

## PLAINTIFFS' OBJECTIONS

In parts B and C of the analysis in his Findings, Conclusions, and Recommendation, the United States Magistrate Judge held that Plaintiffs' failure to prevail on any claim at summary judgment precluded them from recovering additional attorneys' fees and costs. Plaintiffs object to these portions of the Findings, Conclusions, and Recommendation. Plaintiffs argue that their loss at summary judgment is irrelevant since Plaintiffs *de facto* prevailed when Defendants prepaid damages early in this case. Plaintiffs base their argument solely on the Texas Supreme Court case *JCB, Inc. v. Horsburgh & Scott Co.* where the court held that a plaintiff was entitled to attorneys' fees even though the defendant prepaid the disputed commissions after the plaintiff filed suit. 597 S.W.3d 481, 491–92 (Tex. 2019). According to Plaintiffs' reading of *JCB*, Plaintiffs are the prevailing party in this case—and thus entitled to attorneys' fees and costs—since Defendant paid a large portion of the damages they demanded *at the time they filed suit*. However, *JCB* actually works against Plaintiff since it stands for the general proposition that the prevailing party is determined at the time of judgment. As Justice Blacklock made clear in his opinion:

> The question for the factfinder is how much the defendant owes the plaintiff *today*. The question is typically not how much the defendant owed the plaintiff at some date in the past. Nor is it how much the defendant would have owed the plaintiff if the defendant had not already paid. The usual question for the factfinder is how much the defendant owes the plaintiff *at the time the factfinder assesses liability*.

*JCB*, 597 S.W.3d at 486 (second emphasis added). Further, the part of *JCB* that Plaintiffs cite in support of their objection is distinguishable from this case because the particular statute at issue in *JCB* did not even have a "prevailing party" requirement for recovering attorneys' fees, and the

---

[4] *Id*. at 8.

3

court declined to infer one. *Id.* at 491. Contrarily, the relevant statute here, § 38.001 of the Tex. Civ. Prac. & Rem. Code, requires a "valid claim" for attorneys' fees to be recoverable, thus codifying the prevailing party requirement. *See also Crenshaw v. State Farm Lloyds*, No. 4:18-CV-00236-O, 2020 WL 12990985, at *2 (N.D. Tex. Feb 1, 2020) (O'Connor, J.) (declining to award attorneys' fees to a party that lost at summary judgment). Accordingly, since Plaintiffs lost at summary judgment, they are not a prevailing party entitled to attorneys' fees, even when considering the monetary relief Defendant voluntarily disgorged early in this suit.[5]

Relatedly, Plaintiffs contend that the Court should require Defendant to pay all of Plaintiffs' attorneys' fees and costs in order to penalize Defendant for attempting to "nickel and dime fees" earlier in this case, while also disincentivizing future insurance companies from engaging in such behavior.[6] However, Defendant's strategic gamesmanship is not a new phenomenon, and Texas courts considering similar circumstances have found that a defendant can prepay damages to avoid statutory liabilities, including liability to pay attorneys' fees and costs. *See, e.g.*, *Rosales v. Allstate Vehicle and Prop. Ins. Co.*, No. 05-22-00676-CV, 2023 WL 3476376 at *6 (Tex. App.—Dallas, May 16, 2023) (citing *JCB*, 597 S.W.3d at 485–90). Thus, Plaintiffs' policy arguments are unpersuasive.

Overall, the Court accepts parts B and C of the Findings, Conclusions, and Recommendations, and the Court holds that Plaintiffs are not entitled to additional attorneys' fees since they are not a prevailing party under § 38.001 of the Tex. Civ. Prac. & Rem. Code.

## DEFENDANT'S OBJECTIONS

---

[5] Notably, prepayment of damages does not constitute a favorable settlement in advance of judgment through which a party may claim to have prevailed. *Rosales v. Allstate Vehicle and Prop. Ins. Co.*, No. 05-22-00676-CV, 2023 WL 3476376 at *6 (Tex. App.—Dallas, May 16, 2023) (holding that prepayment of damages "does not create an involuntary, unilateral settlement").
[6] Pls.' Obj. 3, ECF No. 92.

4

Defendant objects to part A of the analysis in the Magistrate Judge's Findings, Conclusions, and Recommendation which awards Plaintiffs the $1,955 in attorneys' fees arising from the aforementioned prepayment discrepancy. As established above, Defendant's prepayment for Plaintiffs' hail damage does not make Plaintiffs the prevailing party. Further, Defendant correctly notes that its voluntary payment of $19,420 in attorneys' fees did not create a new duty to pay anything more "that did not otherwise exist."[7]

Recognizing these facts, the Magistrate Judge bases his decision in part A on an apparent concession offered by Defendant. Specifically, the Magistrate Judge writes that Defendant agreed it would be reasonable to pay the additional amount of $1,955 in attorneys' fees.[8] However, Defendant claims it never agreed to paying the additional $1,955, and, by bringing up the additional fees in its brief, it only meant to illustrate the most it would owe if the court held that Plaintiffs were a prevailing party.[9] Pertinently, as Defendant stated in its brief opposing Plaintiffs' request for attorneys' fees:

> Even if § 542A.007 did not preclude Plaintiffs' pursuit of additional fees, and even if Plaintiffs were immune from the requirement that they qualify as a prevailing party, then the *most* Plaintiffs could establish in fees would be the delta between the $21,135 reflected on the March 18, 2022 invoice and the $19,420 already paid. So, if there is actually a fact issue, then it is a $1,715 fact issue. Or, perhaps as much as $1,965 if the additional $240 Plaintiffs incurred between March 14 and May 2, 2022 were included.[10]

In this Court's view, the excerpted language does not amount to a concession on the part of Defendant to pay Plaintiffs an additional $1,955 in attorneys' fees. Accordingly, the Court rejects part A of the United States Magistrate Judge's Findings, Conclusions, and Recommendation.

## CONCLUSION

---

[7] Def.'s Obj. 3, ECF No. 93.
[8] Findings, Conclusions, and Recommendation 4, ECF No. 91.
[9] Def.'s Obj. 2, ECF No. 93.
[10] Def.'s Resp. Br. 7, ECF No. 88 (emphasis original). Note, this is where Defendant miscalculates the delta as $1,965, when the correct figure is $1,955.

For the reasons stated herein, the Court **ACCEPTS in part** and **REJECTS in part** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 91). Specifically, the Court **DENIES** Plaintiffs' request for additional attorneys' fees and costs and **DENIES** Plaintiffs' request for $1,955 in attorneys' fees arising from the contested prepayment discrepancy.

Finally, having denied Plaintiffs' requests for attorneys' fees, and having previously resolved all their other claims, the Court hereby **DISMISSES** this case with prejudice. Final Judgment shall issue.

**SO ORDERED** on this **5th day** of **June, 2023**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**